IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH L. FERGUSON, et al.   :   CIVIL ACTION
                              :
          v.                  :
                              :
VALERO ENERGY CORP., et al.   :   NO. 06-540


ORDER


AND NOW, this 24th day of April, 2009, upon consideration of the Defendants' Motion for Partial Summary Judgment as to the Ferguson Plaintiffs' First Amended Complaint on Certain Damage Issues (Docket No. 153), the plaintiffs' opposition, the defendants' reply thereto, and after oral argument held on March 4, 2009, IT IS HEREBY ORDERED, for the reasons set forth in a Memorandum of today's date, that the Motion is GRANTED IN PART AND DENIED IN PART as follows:

1.   The defendants' motion for partial summary judgment as to paragraph 82(a) of the amended complaint, seeking damages under the Delaware Wrongful Death Statute for "future or prospective wages that John Jerry Ferguson, Jr.[,] would have contributed to his father and/or left to his estate during his natural lifetime, including any benefits of employment lost due to his death that would have passed to his father, siblings and/or estate" is GRANTED IN PART, as follows:

a.   Summary judgment is GRANTED to the defendants as to the plaintiffs' claims for damages for future wages that

the decedent would have contributed to his father's support, and
this claim is DISMISSED.

   b. The defendants have not moved for summary
judgment on the plaintiffs' claims for damages for the amount of
future wages that the decedent would have left to his estate at
the end of his natural life.  The amount recoverable on this
claim is limited to the amount of future lost earnings that the
decedent would have saved, over and above his living expenses,
and passed to his estate at the end of his life expectancy.

   2. The defendants' motion for partial summary
judgment as to paragraph 82(c) of the amended complaint, seeking
damages under the Delaware Wrongful Death Statute for "the loss
of the value of household services that John Jerry Ferguson,
Jr.[,] would have contributed to his father, John Jerry Ferguson,
Sr.," is DENIED.

   3. The defendants' motion for partial summary
judgment as to paragraph 82(e) of the amended complaint, seeking
damages under the Delaware Wrongful Death Statute for "the mental
anguish to John Jerry Ferguson, Sr.[,] resulting from the loss of
his eldest son" is GRANTED, and this claim is limited to the
mental anguish suffered by John Jerry Ferguson, Sr., from the
time of his son's accident on November 5, 2005, and John Jerry
Ferguson, Sr.'s death on April 22, 2006.

4.    The defendants' motion for partial summary judgment as to paragraph 82(f) of the amended complaint, seeking damages under the Delaware Wrongful Death Statute for "the mental anguish to [the decedent's] siblings, Kenneth L. Ferguson and Michael Ferguson, resulting from the loss of their eldest sibling" is GRANTED, and this claim is DISMISSED.

5.    The defendants' motion for partial summary judgment as to paragraph 82(g) of the amended complaint, seeking damages under the Delaware Wrongful Death Statute for "the loss of contributions for support incurred by the family as a result of the death of John Jerry Ferguson, Jr.," is GRANTED IN PART to the extent that this paragraph seeks to recover damages for contributions made by the decedent to family members other than his father; it is DENIED as to damages for loss of the decedent's contributions in services to John Jerry Ferguson, Sr.

6.    The defendants' motion for partial summary judgment as to paragraph 82(h) of the amended complaint, seeking damages under the Delaware Wrongful Death Statute for "any and all other damages recoverable as a matter of law" is GRANTED, and this claim is DISMISSED.

7.    The defendants' motion for partial summary judgment as to paragraph 86(b) of the amended complaint, seeking damages under the Delaware Survivor's Act for "any and all damages for reasonable and necessary medical bills incurred in an

attempt to revive or save the life of John Jerry Ferguson, Jr.,"
is GRANTED and plaintiffs' claim for such damages is limited to
$4,251.80, the amount of the medical bills listed in the
plaintiffs' initial Rule 26 disclosures.

       8.   The defendants' motion for partial summary
judgment as to paragraph 86(c) of the amended complaint, seeking
damages under the Delaware Survivor's Act for "any and all
hedonic damages allowed for the loss of decedent's life and the
enjoyment of future life as permitted by Delaware law, or as
evidence of a measure of the pain and suffering and mental
anguish sustained by John Jerry Ferguson, Jr., is GRANTED IN
PART, as follows.  The plaintiffs' claim for "hedonic damages"
under the Delaware Survivor's Act is DISMISSED.  The plaintiffs
may seek to introduce evidence of the decedent's hedonic damages
as evidence of the decedent's pain and suffering, but this is
without prejudice to the defendants' right to file a motion in
limine at the appropriate time, seeking to exclude such evidence.

       9.   The defendants' motion for partial summary
judgment as to paragraph 86(e) of the amended complaint, seeking
damages under the Delaware Survivor's Act for "any other damages

permitted by law, including lost wages" is GRANTED, and this

claim is DISMISSED.


                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.