IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH L. FERGUSON, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| VALERO ENERGY CORP., d/b/a | : | |
| DELAWARE CITY REFINERY, et al. | : | NO. 06-540 |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SANCTIONS DUE TO PLAINTIFFS' VIOLATION OF
THE COURT'S ORDERS OF MARCH 4, 2010 AND MAY 10, 2010**

**PRELIMINARY STATEMENT**

Once again defendants find themselves having to waste more of the Court's time because plaintiffs have chosen to violate simple and straightforward instructions from the Court. In this latest example, plaintiffs have chosen to violate – for a second time – the Court's Order requiring them to redact from their proposed read-ins any testimony that already has been barred through the motion *in limine* practice.

The Court already found that plaintiffs violated this requirement once when, instead of submitting redactions, they chose to submit additions to their read-ins. Nonetheless, despite the Court entering a second Order plainly requiring plaintiffs' to redact inadmissible testimony, plaintiffs again chose to violate the Court's instructions by submitting a minimal amount of redactions while leaving in numerous pages of testimony that clearly are inadmissible under the Court's *in limine* rulings.

The fact that defendants now have been forced to bother the Court twice over plaintiffs' unwillingness to comply with such a simple and straightforward process is stunning. It also is an incredible waste of defendants' resources, which constantly are being diverted from preparing for trial as a result of plaintiffs' conduct. It also stands as further evidence of plaintiffs'

continuing pattern of misconduct in this action that began in discovery, led to a mistrial, and has escalated during the post-mistrial period.

As such, in accordance with the Federal Rules of Civil Procedure and this Court's inherent authority, defendants respectfully request that the Court enter an Order striking plaintiffs' inadmissible deposition read-ins identified in this Motion and awarding counsel fees and expenses to defendants for having to bring this motion.

## STATEMENT OF FACTS

On March 4, 2010, the Court ordered plaintiffs to submit "redactions to their read-in proposals" by 75 days before trial, or April 28, 2010. Docket #315. The Court's Order followed a telephone conference with counsel on that date. During the telephone conference, defense counsel pointed out that some of plaintiffs' read-in designations were made before all of the motions *in limine* had been decided, such that redactions to the read-in designations may be necessary. *See* Transcript of Telephone Conference 10, Mar. 4, 2010 (Exhibit 1).[1] Plaintiffs' counsel agreed to submit "whatever redactions we deem to be necessary concerning the motion in limine rulings." *Id.*

However, rather than following the Court's Order by providing defendants with a list of redactions, plaintiffs instead sent defendants a list of proposed "supplemental"/ "additional" read-in designations. Exhibit 2. In addition, while plaintiffs did redact certain read-in designations, they violated the Court's Order of March 4, 2010, by failing to redact deposition testimony that clearly was barred by the Court's *in limine* rulings. *Id.*

In a letter dated May 4, 2010, defendants advised the Court of plaintiffs' violation of the Order, and provided the Court with the several examples of plaintiffs' failure to redact

---

[1] All Exhibits are attached to the accompanying Declaration of Counsel.

inadmissible testimony from Mike Mayo and Byron Johnson. *See* Exhibit 3 at 1-2. Thereafter, on May 10, 2010, the Court entered an Order requiring plaintiffs to submit "only redactions" to their previously submitted read-in designations by May 17, 2010, and noting:

> The Court's Order of March 4, 2010, ordered plaintiffs to "submit to the defendants their redactions to their read-in proposals 75 days before trial." The plaintiffs had agreed during the telephone conference held on March 4, 2010, to submit "any redactions [the plaintiffs] deem to be necessary concerning [the Court's subsequent] motion in limine rulings." Instead of providing a list of redacted read-in testimony, however, the plaintiffs submitted "supplemental" or "additional" read-in designations to defendants.
>
> The plaintiffs appear to believe that these read-ins may be valid in light of their Motion to Clarify/Reconsider Earlier In Limine Rulings, which asked the Court to reconsider many of its in limine rulings. The Court denied that motion in an Order dated May 6, 2010, and explained that "the plaintiffs should assume that questionable pieces of evidence will not be admitted."

Docket #338 at 1-2.

On May 14, 2010, plaintiffs sent defendants a letter with "read-in revisions" for Michael Maddox, William Hurt, and Byron Johnson. *See* Exhibit 4. On May 17, 2010, plaintiffs sent defendants another letter with redactions to their previously-submitted deposition read-ins for Scott Gerbman. *See* Exhibit 5. Plaintiffs did not submit read-ins redactions for any of their other read-in designations.

A review of plaintiffs' designations reveals that plaintiffs once again have failed to follow the Court's Orders by not redacting testimony that clearly is inadmissible under the Court's *in limine* rulings. For example, plaintiffs' revised read-ins for Byron Johnson include the same testimony that defendants highlighted as inadmissible in their letter to the Court dated May 4, 2010. *Compare* Exhibits 3 & 4. Plaintiffs also did not redact any of Mike Mayo's read-ins, including the testimony noted in defendants' May 4th letter. *Id.* Specifically, defendants' letter highlighted the following inadmissible testimony.

- Inadmissible testimony from Byron Johnson relating to prior nitrogen incidents, in violation of the Court's Order on Issue 20. Johnson Dep. 29:23-30:10; 31:5-33:10, Jan. 16, 2007.

- Inadmissible testimony from Byron Johnson relating to Paulsboro Refinery nitrogen procedures, in violation of the Court's Order on Issue 12. *Id.* 29:18-22.

- Inadmissible testimony from Byron Johnson relating to post-accident investigations, in violation of the Court's Orders on Issues 25 and 26. *Id.* 47:13-48:13; 49:6-11; Johnson Dep. 207:17-208:5; 209:9-19; 254:1-255:18; 273:6-16, Jan. 19, 2007.

- Inadmissible testimony from Byron Johnson relating to defendants' post-accident nitrogen handling procedures, in violation of the Court's Order on Issue 29. Johnson Dep. 265:8-266:16, Jan. 19, 2007.

- Inadmissible testimony from Mike Mayo relating to the CSB and OSHA investigations of the incident, in violation of the Court's Order on Issues 27 and 28. Mayo Dep. 62:4-63:11, June 21, 2007.

*See* Exhibit 3 and attachments thereto.

Plaintiffs also failed to redact the following inadmissible testimony of Mike Mayo:

- Inadmissible testimony relating to Issue 12 (other Valero refineries' procedures). *See* Mayo Dep. 120:19-121:5, June 21, 2007 (Exhibit 6) and Exhibit 7 (plaintiffs' read-ins).

- Inadmissible testimony relating to Issue 29 (post-accident nitrogen procedures). *Id.* 125:1-5; 142:18-143:4.

Further, although plaintiffs did submit some redactions to their read-ins for William Hurt, they failed to redact the following inadmissible testimony:

- Inadmissible testimony relating to Issue 29 (post-accident nitrogen policies). *See* Hurt Dep. 56:1-57:18, June 17, 2007 (Exhibit 8) and Exhibit 4 (plaintiffs' read-ins).

- Inadmissible testimony relating to Issue 2 (corporate profits). *Id.* 195:3-197:9.

Plaintiffs also failed to redact any deposition testimony of Gary Sulkowski, despite the fact that plaintiffs' previously-submitted read-in designations for Mr. Sulkowski included testimony that clearly is barred by the Court's *in limine* rulings. Exhibit 7 (plaintiffs' read-ins).

In particular, plaintiffs' read-in designations for Mr. Sulkowski include the following inadmissible testimony:

- Inadmissible testimony relating to Issues 12 (other Valero refinery procedures), 13 (manway lockout devices), and 20 (prior nitrogen incidents) of defendants' motion *in limine*. Sulkowski Dep. 14:8-16:17, Sept. 14, 2007 (Exhibit 9).

- Inadmissible testimony relating to Issue 9 (personnel shortage allegations). *Id.* 22:22-23:5.

- Inadmissible testimony relating to Issues 12 (other Valero refineries' procedures) and 20 (prior nitrogen incidents). *Id.* 69:9-71:9.

- Inadmissible testimony relating to Issues 12 (other Valero refineries' procedures) and 13 (manway lockout devices). *Id.* 74:2-8.

- Inadmissible testimony relating to Issue 20 (prior nitrogen incidents). *Id.* 88:16-89:7.

Additionally, plaintiffs failed to redact the following inadmissible testimony of Thomas Thomas:

- Inadmissible testimony relating to Issue 29 (post-accident nitrogen policies). *See* Thomas Dep. 180:10-181:10, Feb. 14, 2007 (Exhibit 10) and Exhibit 7 (plaintiffs' read-ins).

Finally, plaintiffs failed to redact the following inadmissible testimony of Bob Hall:

- Inadmissible testimony relating to Issue 23 (contractor incident rate evidence). *See* Hall Dep. 27:12-22, Mar. 23, 2007 (Exhibit 11) and Exhibit 12 (plaintiffs' read-ins).

- Inadmissible testimony relating to Issue 9 (alleged personnel shortages). *Id.* 27:23-28:17; 72:17-73:6; 73:18-23.

- Inadmissible testimony relating to Issue 19 (fatigue allegations). *Id.* 40:3-6.

In the end, this is not an instance in which plaintiffs failed to redact a small amount of inadmissible read-ins such that it could be characterized as an inadvertent mistake. Rather, as set forth above, plaintiffs failed to redact numerous read-ins that clearly are inadmissible under the

Court's *in limine* rulings and failed to address the testimony of numerous individuals. Plaintiffs' failure to do so once again violates the Court's instructions and Orders.

## LEGAL ARGUMENT

I. **THE COURT SHOULD SANCTION PLAINTIFFS FOR VIOLATING THE COURT'S ORDERS DATED MARCH 4, 2010 AND MAY 10, 2010.**

The Federal Rules authorize a district court to sanction a party that fails to comply with a court order. *See* Fed. R. Civ. P. 16(f) and 37(b)(2). The Court also has the inherent power to discipline attorneys practicing before it for their misconduct. *See, e.g., Matters of Abrams*, 521 F.2d 1094, 1099 (3d Cir. 1975); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 279 (3d Cir. 1999).

Such sanctions may include, but are not limited to, the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*See* Fed. R. Civ. P. 37(b).

Further, "[a]n appropriate remedy under the court's inherent powers includes, *inter alia*, levying attorney's fees and costs against an offending party." *Comuso v. National R.R. Passenger Corp.*, 2000 WL 1793400, *3 (E.D. Pa. 2000) (citing *Chambers v. Nasco, Inc.*, 501

U.S. 32, 45 (1991); *Angelico*, 184 F.3d at 279; 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1336 (2000)).

Here, there is no question that plaintiffs violated the Court's Orders requiring redactions to plaintiffs' read-in designations. The terms of the Court's Order of March 4, 2010, were simple and straightforward. Plaintiffs were to compare their previously-submitted read-in designations against the Court's rulings on the *in limine* motions and supply defendants with a list of their redactions. During the conference call on March 4, 2010, the Court recognized that it would be a waste of time for defendants to have to review and respond to read-ins that were rendered inadmissible by the Court's *in limine* rulings. *See* Exhibit 1 at 13:7-12. Plaintiffs' counsel responded "I understand, Your Honor." *Id.* at 13:13.

Yet, despite this simple and straightforward process, plaintiffs now have violated this Court's instructions two separate times. As the Court already found, plaintiffs first violated the Court's Order by attempting to add deposition read-ins instead of redacting blatantly inadmissible deposition read-ins. Then, even after the Court entered another Order plainly directing plaintiffs to submit redactions of inadmissible deposition read-ins, plaintiffs again chose not to redact clearly inadmissible testimony. The flagrant nature of plaintiffs' misconduct is evidenced by the fact that plaintiffs failed to redact the very deposition read-ins that defendants identified as inadmissible in their letter to the Court on May 4, 2010.

In fact, it is stunning that such a simple process has now required defendants twice to seek the Court's intervention just to have plaintiffs do what they already agreed to do and were ordered to do. This has resulted in an incredible waste of the Court's resources. It also should not be lost on the Court that while defendants should be preparing for trial, they instead have been forced to waste hour-after-hour responding to baseless motions, such as plaintiffs' motion

for Rule 11 sanctions, and filing motion-after-motion just to get plaintiffs to comply with simple Court orders.

Plaintiffs' disregard of the Court's authority has been a consistent and unfortunate theme throughout this litigation. The fact that plaintiffs continue to violate the Court's Orders while a Motion for Sanctions against them is pending strongly suggests that plaintiffs are unwilling to conform their conduct to the rules of this Court. Indeed, additional misconduct by plaintiffs would justify the ultimate sanction of a dismissal of plaintiffs' claims with prejudice. *See Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir.1988) ("A district court has the authority to provide for the ultimate sanction of dismissal for noncompliance with local court rules.").

Accordingly, defendants respectfully request that the Court enter an Order striking plaintiffs' inadmissible deposition read-ins identified in this Motion and awarding counsel fees and expenses to defendants for having to bring this motion.

## CONCLUSION

WHEREFORE, defendants respectfully request that the Court grant Defendants' Motion for Sanctions.

Respectfully submitted,

Dated:  May 27, 2010

*Pal Jenkins*
John B. Kearney
PA Attorney ID # 25297
Paul F. Jenkins
PA Attorney ID # 77147
Ballard Spahr LLP
A Pennsylvania Limited Liability Partnership
Plaza 1000 -- Suite 500
Voorhees, NJ 08043-4636
(856) 873-5523
(856) 873-9079 (fax)

Attorneys for Defendants

Of counsel:

Michele A. Roberts, Esq.
Michael Starr, Esq.
Robert S. Strauss Building
1333 New Hampshire Avenue, NW
Washington, D.C. 20036