```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KENNETH L. FERGUSON, et al.   :    CIVIL ACTION
                              :
          v.                  :
                              :
VALERO ENERGY CORP., et al.   :    NO. 06-540
```

ORDER

      AND NOW, this 28th day of March, 2011, upon consideration of defendants' Petition for Attorneys' Fees, Costs, and Expenses Pursuant to Court's Order of May 27, 2010 (Docket No. 354), the opposition, and the reply thereto, IT IS HEREBY ORDERED that plaintiffs' attorney Wayne Schaible and the law firm of McCann, Schaible, & Wall, LLC jointly and severally shall reimburse the defendants in the amount of $100,436.25 within 30 days of the entry of this Order, by check delivered to defendants' counsel and made payable to Valero Energy Corporation.  This amount represents an award of $27,556.04 for fees and costs incurred by Akin Gump and $72,880.21 for fees and costs incurred by Ballard Spahr.

      On May 27, 2010, the Court granted the defendants' Motion for Sanctions against Wayne A. Schaible, Esquire, counsel for the plaintiffs, and his law firm McCann, Schaible & Wall, LLC, for Mr. Schaible's violation of Court orders and rulings that resulted in a mistrial.  See Ferguson v. Valero Energy Corp., No. 06-540, 2010 U.S. Dist. LEXIS 53198 (E.D. Pa. May 27,

2010).  The defendants had moved under 28 U.S.C. § 1927 and the Court's inherent power to discipline attorneys who appear before it.

The Court concluded in that earlier decision that the legal standards for sanctions under § 1927 and the Court's inherent power were met.  To violate § 1927, an attorney must be found to have: "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct."  In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 101 (3d Cir. 2008). The circumstances that justify sanctions under the Court's inherent power include "cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Id. at 189 (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).

In granting the earlier motion, the Court concluded that Mr. Schaible multiplied proceedings, in an unreasonable and vexatious manner, and thereby increased the cost of the proceedings.  The Court also found that Mr. Schaible did so in bad faith and by intentional misconduct.  The defendants now move for attorneys' fees, costs and expenses incurred as a result of the motions.

Counsel for the plaintiffs argue that costs under ¶ 1927 are limited to excess costs and expenses specifically delineated and itemized in 28 U.S.C. § 1920, and ignore the fact that the defendants had moved and the Court had granted the motion under its inherent power to discipline attorneys who appear before it in addition to § 1927.[1]

The Court of Appeals for the Third Circuit has stated that "[t]he 'excess costs' allowable as a sanction under § 1927 are limited to those costs enumerated under 28 U.S.C. § 1920." Prosser v. Prosser, 186 F.3d 403, 407 n.7 (3d Cir. 1999) (explaining that costs do not include harm to the judicial system). But, the Court of Appeals has also explained that when the rules or statute are not "up to the task" of adequately curing prejudice from a lawyer's bad faith conduct, a court may rely on its inherent power. Klein v. Stahl GMBH & Co., 185 F.3d 98, 109 (3d Cir. 1999).

---

[1] The defendants argue that the plaintiffs' counsel has waived any facial challenge to the recoverability of the categories of costs, expenses, and attorneys fees for which the defendants seek reimbursement by failing to raise such an objection in connection with the underlying motion for sanctions. The Court is not persuaded by this argument. It was not unreasonable for counsel for the plaintiffs to think that they would have an opportunity to make this argument if the Court granted sanctions and allowed the defendants to file a petition for expenses, costs, and attorneys fees.

The defendants argue that they incurred significant costs, expenses, and attorneys' fees because of the mistrial and that the only remedy that sufficiently addresses the harm is one that fully compensates the defendants for the resources wasted by the plaintiff's counsel's improper behavior.  The Court agrees with the defendants.  Mr. Schaible's conduct was egregious and caused the mistrial.  The plaintiffs did not even object to the granting of the mistrial.  The defendants had prepared for a multi-week trial that had to be terminated on the first day of trial.  Because of scheduling issues, the trial then had to be put off for several months.  The Court concludes that granting only "excess costs" to the defendants would not cure the prejudice to the defendants from Mr. Schaible's bad faith conduct.

Relying on cases from § 1983 fee-shifting case law, the plaintiffs argue that the defendants must demonstrate the necessity of each item sought for reimbursement.  Although the Court will review all of the fees and costs for reasonableness, the Court notes that the purpose of sanctions is adequately to compensate the innocent party for the prejudice it has suffered as a result of the misconduct of the other party or lawyer.  It would undermine that objective to require the innocent party to show the "necessity" of each item requested.  It is with those

principles in mind that the Court reviews the defendants' petition.

The Court will consider the plaintiffs' objections to the reasonableness of each category of costs and expenses requested by the defendants. The Court finds that it was appropriate to charge the hotel costs of local counsel. It was reasonable to have the trial attorneys stay in town close to court during the trial especially in winter when weather could interfere with their ability to get to court. The rates of between $148.67 and $270 were not unreasonable. The hotels were the Marriott and the Crowne Plaza and they are reasonable hotels to stay in for the trial. It was reasonable for Mr. Starr, who was coming into Philadelphia from Washington, D.C., for the trial, to arrive at his hotel the weekend before trial and to remain one night after the mistrial so that he could pack up his four to six weeks of personal possessions that he had brought with him for the trial.

The Court also rejects the consistent challenges by the plaintiffs' counsel to Mr. Starr's involvement in the trial. Mr. Starr participated in many of the arguments before the trial began and argued the motion for a mistrial. Mr. Starr appeared to be a full member of the trial team and the Court will treat his fees and costs as such.

It was reasonable to seek reimbursement for the travel expenses of defense counsel. The Court is not persuaded by the argument of the plaintiffs' counsel that defense counsel should have carpooled. The $170.68 for meal costs for the out-of-town defense counsel appears to the Court to be reasonable. The Court will allow the transportation costs for the files. The defendants had to transport them from New Jersey to Philadelphia and then back to New Jersey. The parking expenses are reasonable.

The Court agrees with the defendants that plaintiffs' counsel requested Mr. Patton's presence at the first trial despite the fact that he had resigned from Valero and was about to begin a new job in Texas. The defendants were not under an obligation to produce Mr. Patton in Philadelphia for trial. They did voluntarily produce him and, therefore, should be reimbursed for his travel and hotel expenses.

The trial technology costs are reasonable and the defendants did use the trial technology consultant during opening statements.

The Court will not order reimbursement for either the travel expenses of the defendants' insurer's adjuster or the fees, travel, or hotel costs of the defendants' jury consultant. Neither of these are standard trial costs and expenses and the

Court concludes that it would not be reasonable to order their reimbursement.

The plaintiffs' counsel's contention that the defendants should have only had one trial attorney has no merit. This was a very complex trial. In their pre-trial memorandum, the plaintiffs listed 101 fact witnesses and another 46 records custodians. The plaintiffs themselves had three attorneys present each day of trial.

The Court also rejects plaintiffs' counsel's criticism of the amount of time spent by defense counsel in preparing the motion for sanctions. The Court has reviewed the billing summaries and finds that the time spent was reasonable and not excessive.[2]

Plaintiffs' counsel argues that there are mitigating factors that require the Court to impose minimal, if any, sanctions. The Court sees no such factors here. This is the second time plaintiffs' counsel has been sanctioned in this case. His conduct was egregious and inexcusable.

---

[2] The Court notes that the defendants have not sought reimbursement for all attorney time devoted to the motion for fees. In particular, the time for one associate was reduced and all of the time for a paralegal who was involved in putting together the motion papers and exhibits was omitted. See Kearney Dec. ¶ 19.

Plaintiffs' counsel argues that defense counsels' billing rates are excessive. They do not submit any evidence to support that contention and the Court is not sure that a court should be scrutinizing hourly rates in the context of a sanctions motion in the same way it does in a typical fee shifting situation. The more important point is that all counsel fees have been paid by the defendants. In any event, the Court concludes that the defendants' hourly rates are reasonable. Ballard Spahr's fees have been previously deemed to be reasonable. Bapu Corp. v. Choice Hotels Int'l, Inc., No. 07-5938, 2010 U.S. Dist. LEXIS 53183, at *5 (D.N.J. June 1, 2010). Although the fees of Akin Gump are higher than those of Ballard Spahr, hourly rates for attorneys in the Washington, D.C., market are higher than Philadelphia. Akin Gump's fees are only 33% of the fees for which reimbursement is sought.

There is no need for an evidentiary hearing in this case. Mr. Schaible had an opportunity for such a hearing in connection with the motion for sanctions but declined to avail himself of it. As to the petition for fees and costs, it is supported by affidavits and records and plaintiffs' counsel has provided no persuasive reason for the Court not to accept them.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.